**UNITED STATES DISTRICT COURT**
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

BRUCE JAE POLANSKY,
an individual,

    Plaintiff,

v.

DEFENDANTS "1" a/k/a ALICE LI, an individual,
and JOHN DOES 1-20, as yet unidentified Individuals,
Business Entities and/or Unincorporated Associations,

    Defendantss.

CASE NO.

**COMPLAINT FOR VIOLATION OF THE**
**RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT**

Plaintiff, BRUCE JAE POLANSKY, by and through undersigned counsel, files this Complaint against Defendant "1" a/k/a ALICE LI and Defendants JOHN DOES 1-20, and states as follows:

**PRELIMINARY STATEMENT**

1. Defendants stole cryptocurrency from Plaintiff valued at TWO MILLION THIRTY-SIX THOUSAND ONE HUNDRED TWENTY-FIVE DOLLARS ($2,036,125.00) pursuant to a sophisticated global internet cryptocurrency fraud and conversion scheme.

2. Defendant "1" played a material role in the theft of Plaintiff's assets and, upon information and belief, currently possesses all or a significant portion of Plaintiff's stolen property.

3. Plaintiff brings this lawsuit to recover his stolen assets.

## SUBJECT MATTER JURISDICTION AND VENUE

4. This is an action for damages under 18 U.S.C. § 1961, et seq. (the "Racketeer Influenced and Corrupt Organizations Act" or "RICO"). This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 (federal question).

5. Venue is proper in this District pursuant to 18 U.S.C. § 1965(a) and (b), and 28 U.S.C. § 1391(b) and (c).

## THE PARTIES AND PERSONAL JURISDICTION

6. Plaintiff BRUCE JAE POLANSKY is an individual, is *sui juris*, and is a resident and citizen of Florida.

7. Defendant "1" a/k/a ALICE LI is an individual, is *sui juris*, is a foreign Defendants in China, and is subject to the personal jurisdiction of this Court. Defendant represented to Plaintiff that she was Chinese, and the parties' communications consistently demonstrated that Defendant was of Chinese descent and located in China. As more fully set forth below, Defendant "1" is the person that controls the crypto wallets where Plaintiff's stolen cryptocurrency is now located.

8. Defendants JOHN DOE 1 - 20 are as of yet unidentified Individuals, Business Entities, And/or Unincorporated Associations, cohorts of Defendant "1," are sui juris, and are subject to the personal jurisdiction of this Court.

9. At all times material hereto, Defendants have maintained and continue to maintain private cryptocurrency wallets and cryptocurrency exchange accounts in which all of or a portion of Plaintiff's stolen cryptocurrency currently sits.

10. Defendants are subject to personal jurisdiction in this district because they direct business activities towards and conducts business with consumers throughout the United States, including within the State of Florida and this district through at one website (www.btcsquare.net) accessible from Florida. Alternatively, Defendants are subject to personal jurisdiction in this district under Federal Rule of Civil Procedure 4(k)(2) because (i) Defendants are not subject to jurisdiction in any state's court of general jurisdiction; and (ii) exercising jurisdiction is consistent with the United States Constitution and laws.

## ALLEGATIONS COMMON TO ALL COUNTS

**A.   Defendants Executes an International Cryptocurrency Theft Scheme.**

11. On or about March 2, 2022, Defendant "1" connected with Plaintiff through Instagram, a photo and video-sharing social networking service.

12. Defendant misrepresented that she was a financial accountant who successfully engaged in the trading of cryptocurrency investments.

13. Defendant misrepresented that her friends on Wall Street were prosperous trading experts that operated lucrative cryptocurrency margin and hedging platforms.

14. Defendant misrepresented that she would utilize intricate mathematical algorithms designed and implemented by her friends on Wall Street to execute cryptocurrency trades and successfully earn a profit for Plaintiff. Accordingly, Defendant recommended Plaintiff to invest in two margin trading platforms, btcsquare.net ("BTCSQUARE") and quareep.com ("QUAREEP").

15. Based on Defendant 1's representations of having superior knowledge in cryptocurrency investing and on Defendant's invitations to invest according to her advice,

3

Plaintiff reposed his trust and confidence in Defendant to guide him in Defendant's proposed investments.

16. In reality, Defendant fraudulently operated the BTCSQUARE and QUAREEP platforms.

17. Defendant supported the above misrepresentations by texts via cellular mobile phone and via WhatsApp internet service.

18. On or about April 1, 2022, Plaintiff joined the BTCSQUARE and QUAREEP platforms.

19. Margin trading, also called leveraged trading, refers to making bets on cryptocurrency markets with "leverage," or borrowed funds, while only exposing a smaller amount of a trader's capital. Margin is the amount of cryptocurrency a trader needs to enter into a leveraged position. Margin trading positions concerning the cryptocurrency in question can be either long or short. In a long position, a trader buys a cryptocurrency in anticipation of selling it in the future when the price rises, making a profit from the price difference. In a short position, a trader borrows a cryptocurrency at its current price to repurchase it when the price drops to make a profit.

20. At Defendant 1's encouragement and direction, and in reliance on the foregoing false and fraudulent misrepresentations, Plaintiff began executing margin trades on Defendant's recommended BTCSQUARE and QUAREEP platforms.

21. The fraudulent BTCSQUARE and QUAREEP platforms included a falsified dashboard that displayed increasing "fake" gains over Plaintiff's investments, on which - along with Defendant 1's encouragement, misrepresentations, and direction - Plaintiff relied to

4

continue to transfer more significant amounts of funds to the BTCSQUARE and QUAREEP platforms.

22. Defendants stole Plaintiff's cryptocurrency.

**B.  Plaintiff's Forensic Tracking of His Stolen Cryptocurrency.**

23. Cryptocurrency is a digital asset, which may be a medium of exchange, for which generation or ownership records are supported through a distributed ledger technology that relies on cryptography, such as a "blockchain." When a transaction is made on the blockchain, it is assigned a "transaction hash" ("TXID"). A transaction hash is a unique string of characters given to every transaction verified and added to the blockchain. A TXID is used to uniquely identify a particular transaction. All on-chain transactions (from or to external addresses) have a unique TXID that can be seen in transaction details. All on-chain transactions (depositing and withdrawing of funds) have a unique TXID that can be found in transaction details.

24. Plaintiff's subject cryptocurrency consisted of:

(a) Ether (ETH), a cryptocurrency generated in accordance with the Ethereum protocol as a reward to validators in a proof-of-stake system for adding blocks to the blockchain;

(b) USD Coin (USDC), an asset-backed cryptocurrency or "stablecoin" pegged to the U.S. Dollar. Stablecoins are a category of cryptocurrencies with mechanisms aimed at maintaining a stable value, such as by pegging the coin's value to a specific currency, asset, or pool of assets or by algorithmically controlling supply in response to changes in demand in order to stabilize value; and

(c) Tether (USDT), another asset-backed cryptocurrency or stablecoin pegged to the U.S. Dollar.

25. On April 1, 2022, Plaintiff sent a cryptocurrency transaction to a first virtual wallet address controlled by Defendants at 0x0c7370f6b8188ff6f8af4cfe6e1251520cb17001 ("Defendants Wallet 1") from Plaintiff's Gemini exchange account.

| Date & Time (UTC) | Amount | Transaction Hash |
|---|---|---|
| Apr 1, 2022, 1:02:43 AM | 27.4 ETH | 0x61aa4acb0d11b0080adcdd8a8673fe4d86a15b363d1a68099b860234e4bb2e81 |
| **Sent to Wallet Address:** 0x0c7370f6b8188ff6f8af4cfe6e1251520cb17001 | | |

26. Between April 9, 2022, and April 22, 2022, Plaintiff sent four cryptocurrency transactions to a second virtual wallet address controlled by Defendants at 0x87a4076a41003b34d0b6de0ced2605de2aa57d81 ("Defendants Wallet 2") from Plaintiff's Gemini exchange account.

| Date & Time (UTC) | Amount | Transaction Hash |
|---|---|---|
| Apr 9, 2022, 1:47:45 AM | 16.79 ETH | 0x938d877011f82fd5d69f02fa03afc912e61fce5926e3ca7559b6610bd713c7f8 |
| Apr 14, 2022, 1:45:44 AM | 25.05 ETH | 0xeb1b31985903fb75ad0bf5aa8d7f77e76fb7bf23683f7600b4242e0867d966f9 |
| Apr 19, 2022, 1:31:55 AM | 26,465 USDC | 0x9f2d4ba87043fc1c85ec686647afded9a6a83fe2c0c5261c3b5a0dbd7efe0340 |
| Apr 22, 2022, 1:20:38 AM | 88,130 USDC | 0xa5ec8b153652b24341574ea7ccb8cebe733845bad80c7a0edc2654bee41776da |
| **Sent to Wallet Address:** 0x87a4076a41003b34d0b6de0ced2605de2aa57d81 | | |

27. Between May 3, 2022, and September 9, 2022, Plaintiff sent twelve cryptocurrency transactions to a third virtual wallet address controlled by Defendants at

6

0xaf0ccc5093f9a576030871f3e2923bece16029e3 ("Defendants Wallet 3") from Plaintiff's

Crypto.com exchange account:

| Date & Time (UTC) | Amount | Transaction Hash |
|---|---|---|
| May 3, 2022, 1:15:33 AM | 99,975 USDC | 0x6460d51a41bda42a83ea9d5981a771126a4d733ddeb24dc6813068ece44f07aa |
| May 26, 2022, 1:07:34 AM | 137,275 USDC | 0x6e514b80cc94bb0e31008be09f76ff0bfbf265039fe1c1fa67316a01b6df8777 |
| Jun 9, 2022, 8:57:35 PM | 199,975 USDC | 0xeee7408eba0e3ebb800167509b9c16f7930c368397ed74becf9642e47e3dc4c3 |
| Jun 16, 2022, 1:57:20 AM | 129,975 USDC | 0x7850ae563b880e3cac99f8f276e33787119920885c1f8cc5c00e8a0b50424570 |
| Jun 17, 2022, 2:02:37 AM | 119,975 USDC | 0xf63cfbf44ebff0d0efab27c4c2f77e1b336961945dcdfdfd88a67da12a9a4480 |
| Jul 6, 2022, 1:05:52 AM | 129,975 USDC | 0x26e41c185ad5a64259ba2b53a40134d71bd8adc222dfea3f6ed8ee26c5bfd778 |
| Jul 7, 2022, 2:13:06 AM | 119,975 USDC | 0x92c09f8cec0bac5e0d3f4d257e7b93a737096f6f72944c31ac0e1e1d9b91406e |
| Jul 18, 2022, 6:45:04 PM | 127,975 USDC | 0x97e4ee5e0cbfbd9cdc1a7b62cd7f2a869d49a7a80d6062a1f07ca5ae1dcef83d |
| Aug 10, 2022, 6:44:27 PM | 149,975 USDC | 0xa2536d0f4480fb1cb2d0e11ae3566879e0b9a3d9105877c3e3fa2408cf0f97e3 |
| Aug 11, 2022, 8:47:08 PM | 99,975 USDC | 0x086a5b677550979a444a70fc2fdcfe228601a233f2be8cd8deaaab908370412f |
| Sep 8, 2022, 12:16:02 PM | 149,990 USDC | 0xb6949ea829e2dbf514e73e39b46db63458ee8a809114257a73d3c388fa1642bc |
| Sep 9, 2022, 12:27:21 PM | 99,990 USDC | 0x6ca107f3e902e6dbe2d69b20155d2b28d022a865cfa45f050ce8a4bab7ee2777 |
| **Sent to Wallet Address:** 0xaf0ccc5093f9a576030871f3e2923bece16029e3 | | |

28. Between August 25, 2022, and September 16, 2022, Plaintiff sent four cryptocurrency transactions to a fourth virtual wallet address controlled by Defendants at 0x8b6636bbbf3f01b3ec67845556042f995c8fd5a3 ("Defendants Wallet 4") from Plaintiff's Crypto.com exchange account.

| Date & Time (UTC) | Amount | Transaction Hash |
|---|---|---|
| Aug 25, 2022, 2:38:40 AM | 990 USDC | 0xd4ee36bf96ab4e4eb3bb4c17e150b6a0732323cb3830afcb89dc34eae2d12731 |
| Aug 30, 2022, 3:05:13 PM | 26,990 USDC | 0xd4ee36bf96ab4e4eb3bb4c17e150b6a0732323cb3830afcb89dc34eae2d12731 |
| Sep 9, 2022, 4:33:20 PM | 57,490 USDC | 0x7c59129a939ad15b2310de368cb23772e46cf104380432f0379fcf5fd6fc8807 |
| Sep 16, 2022, 1:50:35 PM | 49,990 USDC | 0x4fa0a24b103c850a7f246005e6fb913b76cb2be7b25fde2a8275489ea95c08f8 |
| **Sent to Wallet Address:** 0x8b6636bbbf3f01b3ec67845556042f995c8fd5a3 | | |

7

29. Plaintiff's funds were traced through multiple wallets prior to landing on the following legitimate online cryptocurrency exchanges:

| BINANCE | | | |
|---|---|---|---|
| **Sender Address** | **Date (UTC)** | **Amount** | **Receiver Address** |
| **Binance Deposit** 0xce11d194d57a093c62fb638b907394fdc97091c8 | May 3, 2022, 5:02:32 PM | 290,174 USDT | **Binance Exchange** 0x28c6c06298d514db089934071355e5743bf21d60 |
| **Binance Deposit** 0x949a5293d487621184ae45a0e7ccf8d77a6d207e | Apr 24, 2022, 2:00:27 PM | 388,623 USDT | |
| | Apr 25, 2022, 7:59:59 AM | 550,000 USDT | |
| | May 26, 2022, 6:59:52 AM | 164,391 USDT | |
| | Jun 18, 2022, 10:30:04 AM | 160,071 USDT | |
| **Binance Deposit** 0x96df6f4941103ee057ca06a24e7ecc75dba7b9af | Sep 10, 2022, 11:30:49 PM | 4,790,000 USDT | |
| **Binance Deposit** 0x5fa1cee62b2b20ae16ef4f6dfaa4511b2eb9d46b | Apr 2, 2022, 3:26:22 AM | 175,200 USDT | |
| **Binance Deposit** 0xccf1f528b8ffac1cc0183c6ead212d0e749a4b28 | Apr 22, 2022, 12:47:39 AM | 570,000 USDT | |
| | Apr 25, 2022, 4:43:06 AM | 400,000 USDT | |
| **Binance Deposit** 0x2aa281bda5e3b61746bb7ca28d42e7ac5302ed08 | Apr 23, 2022, 6:30:29 AM | 147,710 USDT | |
| | Apr 27, 2022, 4:30:06 AM | 146,199 USDT | |
| **Binance Deposit** 0x2aa281bda5e3b61746bb7ca28d42e7ac5302ed08 | Apr 27, 2022, 5:29:55 AM | 175,438 USDT | **Binance Exchange** 0x28c6c06298d514db089934071355e5743bf21d60 |

|  | Apr 28, 2022, 5:30:01 AM | 233,918 USDT |  |
|---|---|---|---|

| OKX ||||
|---|---|---|---|
| **Sender Address** | **Date (UTC)** | **Amount** | **Receiver Address** |
| **OKX Deposit** 0x49a73606b564a37c2e2411822e3841059f31f3a5 | Jul 6, 2022, 8:45:24 AM | 201,141 USDT | **OKX Exchange** 0x5041ed759dd4afc3a72b8192c143f72f4724081a |
| | Jun 10, 2022, 10:34:17 AM | 161,481 USDT | |
| **OKX Deposit** 0x16966b19ae2bcc065b09e04155b688c3f6b61d08 | Jul 7, 2022, 6:43:47 PM | 67,371 USDT | |
| | Jun 10, 2022, 10:00:49 AM | 151,626 USDT | |
| **OKX Deposit** 0x325c5df69d2ad45f5cd3ad4780c50bb7e9d2719b | Jun 10, 2022, 10:34:17 AM | 146,199 USDT | |
| | Jun 16, 2022, 9:20:33 AM | 49,999 USDT | |
| **OKX Deposit** 0xb6037a35e75dbe87fccc51e4b57ace1299957007 | Jun 10, 2022, 9:27:41 AM | 93,815 USDT | |
| | Jun 16, 2022, 9:20:31 AM | 50,744 USDT | |
| **OKX Deposit** 0x645eaf44bf708aef065029266b7ff245809934a | Jul 6, 2022, 6:58:27 AM | 106,000 USDT | |
| | Jul 6, 2022, 7:31:39 AM | 157,797 USDT | |
| | Jun 16, 2022, 9:20:38 AM | 46,453 USDT | |
| **OKX Deposit** 0x3e326aa9b2cac56fb5a7d3f242e9a4ce92505ef7 | Jul 7, 2022, 10:40:07 AM | 86,089 USDT | |
| **OKX Deposit** 0xe2f194ae32e3bdb93880d819a205b7027e5b95b4 | Jul 19, 2022, 9:22:53 AM | 50,000 USDT | **OKX Exchange** 0x5041ed759dd4afc3a72b8192c143f72f4724081a |

| | | | |
|---|---|---|---|
| **OKX Deposit** 0x8f7786c16dbf979841c83268011a07915 41f98c3 | Jul 19, 2022, 9:22:53 AM | 77,153 USDT | |
| **OKX Deposit** 0x2f48b875bfc90ca43f20a9d68f2ec5a212 a6ba37 | Aug 11, 2022, 11:11:42 AM | 95,002 USDT | |
| **OKX Deposit** 0xc680a5fa7254cc35ef1b128313e5a4e61f 86a588 | Aug 11, 2022, 10:59:20 AM | 95,002 USDT | |
| **OKX Deposit** 0xaea2da22e27fff00677cfaca0eabeb53c53 50355 | Aug 11, 2022, 10:59:20 AM | 65,002 USDT | |
| **OKX Deposit** 0xd0ebbf3f6f881072b732ca24147e6a89c4 115b06 | Aug 11, 2022, 10:56:31 AM | 70,001 USDT | |
| **OKX Deposit** 0x4a00ba052339bac250a9765286706ccae 23c654d | Aug 12, 2022, 11:17:55 AM | 35,001 USDT | |
| **OKX Deposit** 0x7a04d7118baaf7392ff5d4b27e8a0d2432 d10b80 | Aug 12, 2022, 11:37:35 AM | 35,001 USDT | |
| **OKX Deposit** 0x0b2c8c5b947587e343f629f5e3cd72d6c4 965aa3 | Aug 12, 2022, 11:47:15 AM | 35,001 USDT | |
| **OKX Deposit** 0xe62462b570a34cc19c59005289d193fb2 fb6e3ea | Sep 10, 2022, 1:59:15 AM | 32,198 USDC | |
| **OKX Deposit** 0xca9b4a51c2ee3f65432f41ea71b6c69355 1b38f4 | Aug 31, 2022, 4:33:28 AM | 30,495 USDC | |
| | Sep 16, 2022, 2:29:11 PM | 19,990 USDC | |
| **OKX Deposit** 0x1ce6880ae94db5fbb5772eda73a29c101f 4d7d0d | Aug 25, 2022, 4:02:38 AM | 60,000 USDT | |
| | Aug 31, 2022, 4:44:45 AM | 60,000 USDC | |
| | Sep 10, 2022, 1:56:43 AM | 30,000 USDC | |
| | Sep 16, 2022, 2:29:11 PM | 30,000 USDC | |

30. Based on the above, Defendants converted 1,901,655 USDT valued at $1,901,655.00 (1,901,655 USDT × ($ 1.00 ÷ 1 USDT) and 134,470 USDC valued at $134,470.00 (134,470 USDC × ($ 1.00 ÷ 1 USDC), resulting in a combined total of TWO MILLION THIRTY-SIX THOUSAND ONE HUNDRED TWENTY-FIVE DOLLARS ($2,036,125.00)

31. Plaintiff traced his stolen cryptocurrency to cryptocurrency exchanges Binance and OKX.

32. Plaintiff suffered substantial damages.

33. If unchallenged, Defendants will continue their fraudulent international criminal crypto theft scheme of robbing unsuspecting persons and businesses in the U.S., in this district, and throughout the world.

## FULFILLMENT OF CONDITIONS PRECEDENT AND ENTITLEMENT TO ATTORNEY'S FEES

34. All conditions precedent to the maintenance of this action have been performed, have occurred, or have been waived or excused.

35. Plaintiff has retained the undersigned attorneys to bring this action and is obligated to pay a reasonable attorney's fee for their services. Plaintiff is entitled to an award of his attorney's fees against Defendants, among other things, pursuant to 18 U.S.C. § 1964(c).

## COUNT I
## RACKETEERING IN VIOLATION OF 18 U.S.C. § 1964

36. Plaintiff adopts and realleges the allegations set forth in paragraphs 1 through 35 above as if fully and expressly set forth herein and further alleges as follows.

37. The operation of Defendants and the other yet-to-be-identified parties, individually and through their fraudulent investment platforms, BTCSQUARE and

QUAREEP, in their sophisticated global internet cryptocurrency fraud and conversion scheme constitutes a racketeering operation.

38. Defendants directed and coordinated with other yet-to-be-identified parties (collectively the "BTCSQUARE and QUAREEP Enterprise," "RICO Enterprise," or "Enterprise") within the meaning of 18 U.S.C. § 1961(4), which Enterprise was engaged in, or the affairs of which affected interstate and foreign commerce.

39. Defendants and the other yet-to-be-identified parties were each also a member of the RICO Enterprise, as each was a distinct person, separate and apart from each of the RICO Enterprise members together.

40. The RICO Enterprise engaged in a pattern of racketeering activity.

41. As co-conspirators, the unlawful conduct of each member of the RICO Enterprise is attributed to every member, i.e., Defendants and the other yet-to-be-identified co-conspirators.

42. As set forth above, the RICO Enterprise engaged in the following predicate act of racketeering within the meaning of 18 U.S.C. § 1961(1): Wire fraud in violation of 18 U.S.C. § 1343.

43. The predicate act set forth in this Complaint includes defrauding Plaintiff beginning in March 2022 through domestic and international cellular texting and WhatsApp internet messaging.

44. Specifically, including as alleged above:

   (a) relying on Defendant 1's misrepresentations, including that Plaintiff could withdraw his funds at any time, from April 1, 2022, to June 17, 2022, Plaintiff made a series of initial cryptocurrency transfers to the fraudulent

12

BTCSQUARE and QUAREEP platforms, including those set forth at ¶¶ 25-28 supra;

(b) subsequently, in or around early July 2022, relying on Defendant 1's misrepresentations, including (a) that Plaintiff was approved to participate in a distinct trading program that would increase his trade profits by 50%, and (b) that Defendants made over 5.7 million dollars using the BTCSQUARE and QUAREEP platforms, Plaintiff made a subsequent series of cryptocurrency transfers to the fraudulent BTCSQUARE and QUAREEP platforms including those set forth at ¶¶ 25-28 supra;

(c) in or around the middle of August 2022, relying on Defendant 1's misrepresentations, including (a) that her family was transferring 50 million RMB (equivalent to $7,233,691.50 United States Dollars) to her BTCSQUARE and QUAREEP account, and (b) that Plaintiff could join her trading team to maximize his returns, Plaintiff made another subsequent series of cryptocurrency transfers to the fraudulent BTCSQUARE and QUAREEP platforms including those set forth at ¶¶ 25-28 supra;

(d) in or around the middle of September 2022, when Plaintiff unsuccessfully attempted to withdraw his non-existent "profits," relying on the misrepresentations of representatives of the BTCSQUARE and QUAREEP platforms (i.e., Defendants) that the platform required him to pay a 2% management fee, Plaintiff paid transferred an additional 357,460 USDT to the platforms (see ¶¶ 25 - 28 supra).

45. Each of the four (4) enumerated instances set forth in the preceding paragraph constitutes a discrete act of racketeering based on discrete and different misrepresentations resulting in discrete and different instances of damage to Plaintiff.

46. The predicate act set forth in this Complaint are related in that they have the same or similar purposes, results, participants, and methods of commission, and are otherwise interrelated by distinguishing characteristics and are not isolated events. The related criminal schemes set forth in this Complaint constitutes a "pattern or patterns of racketeering activity" as defined in 18 U.S.C. § 1961(5).

47. Defendants engaged in two or more predicated acts of racketeering within a period of ten years and committed at least one such act after October 15, 1970.

48. The information that would establish further predicate acts and further acts of racketeering is solely within the control of Defendants. However, given the global nature of their criminal scheme, with the great distances between: (a) the members of the BTCSQUARE and QUAREEP Enterprise, including Defendants, in China; and (b) their unsuspecting victims including Plaintiff (e.g., throughout the United States, in this district, and throughout the world), the evidence will demonstrate the Enterprise members communicated with each other, with Plaintiff, with victims similarly situated to Plaintiff, through use of mail and/or wire. Plaintiff requires discovery to ferret out the further extent of predicate acts and further acts of racketeering, including the identity of similarly situated defrauded victims and the scope of the systematic fraud.

49. Defendants have received income derived, directly or indirectly, from a pattern of racketeering activity and used or invested, directly or indirectly, part of such income, or the proceeds of such income, in acquisition of an interest in, or in the establishment or operation

of, the RICO Enterprise, an enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce in violation of 18 U.S.C. § 1962(a).

50. Defendants through a pattern of racketeering activity maintains, directly or indirectly, an interest in or control of the RICO Enterprise, an enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce in violation of 18 U.S.C. § 1962(b).

51. Defendants were associated with the RICO Enterprise, and conducted or participated, directly or indirectly, in the conduct of the Enterprise's affairs through the pattern of racketeering activity described herein in violation of 18 U.S.C. § 1962(c).

52. Defendant "1" and the other yet-to-be-identified parties, each entered into a conspiracy to conduct or participate, directly or indirectly, in the conduct of the RICO Enterprises' affairs through the pattern of racketeering activity described herein, in violation of 18 U.S.C. § 1962(d).

53. As a direct and proximate result of Defendants' unlawful actions, Plaintiff has suffered damages.

**WHEREFORE,** Plaintiff BRUCE JAE POLANSKY demands that judgment be entered against Defendant "1" a/k/a ALICE LI and Defendants JOHN DOES 1-20 as follows:

(a) damages;

(b) statutory trebled damages pursuant to 18 U.S.C. § 1964(c);

(c) punitive damages;

(d) costs, including reasonable attorney's fees, pursuant to 18 U.S.C. § 1964(c);

(e) costs;

(f) interest; and

(g) such other and further relief as this Court deems just and proper.

## COUNT II
## CONVERSION

54. Plaintiff adopts and realleges the allegations set forth in paragraphs 1 through 35 above as if fully and expressly set forth herein and further alleges as follows.

55. As more fully alleged above, Defendants misappropriated Plaintiff's funds.

56. Defendants has converted Plaintiff's funds to her own use or to the use of others not entitled thereto and has exercised dominion and control over the funds to Plaintiff's exclusion and detriment.

57. Plaintiff has suffered damages as a direct and proximate result of Defendants' conversion.

WHEREFORE, Plaintiff BRUCE JAE POLANSKY demands that judgment be entered against Defendant "1" a/k/a ALICE LI and Defendants JOHN DOES 1-20 for damages, interest, costs, and such other and further relief as this Court deems just and proper.

## COUNT III
## UNJUST ENRICHMENT

58. Plaintiff adopts and realleges the allegations set forth in paragraphs 1 through 35 above as if fully and expressly set forth herein and further alleges as follows.

59. Plaintiff conferred a direct benefit upon Defendants by transferring the valuable cryptocurrency that Defendants converted from Plaintiff.

60. Defendants have knowledge of the benefit Plaintiff conferred upon them and have retained such benefit.

61. The circumstances under which Plaintiff conferred, and Defendants accepted, such benefit renders Defendants' retention of the benefits inequitable.

62. Equity requires that Defendants return to Plaintiff the benefits he conferred upon them.

**WHEREFORE,** Plaintiff BRUCE JAE POLANSKY demands that judgment be entered against Defendant "1" a/k/a ALICE LI and Defendants JOHN DOES 1-20 for equitable relief (see Count V below), alternatively for damages, interest, costs, and such other and further relief as this Court deems just and proper.

## COUNT IV
## BREACH OF FIDUCIARY DUTY

63. Plaintiff adopts and realleges the allegations set forth in paragraphs 1 through 35 above as if fully and expressly set forth herein and further alleges as follows.

64. Based on Defendant 1's representations of having superior knowledge in cryptocurrency investing and based on Defendant's invitations to invest according to her advice, Plaintiff reposed his trust and confidence in Defendant to guide him in Defendant's proposed investments.

65. As Plaintiff's accepted cryptocurrency investment advisor, Defendant "1" stood in a fiduciary relationship with Plaintiff. Plaintiff reposed trust and confidence in Defendant.

66. Defendant "1" owed Plaintiff the duty to act in the same manner as a reasonably prudent investment adviser. Defendant owed Plaintiff the duty to avoid self-dealing, to avoid conflicts of interest, and not to allow the conversion of Plaintiff's assets.

67. Defendant "1" intentionally failed to perform these duties by conspiring to commit and committing the wrongful acts set forth in this Complaint.

68.     Plaintiff has been damaged as a direct and proximate result of Defendant 1's breaches of fiduciary duty.

**WHEREFORE,** Plaintiff BRUCE JAE POLANSKY demands that judgment be entered against Defendant "1" a/k/a ALICE LI for equitable relief (see Count V below), alternatively for damages, interest, costs, and such other and further relief as this Court deems just and proper.

## COUNT V
## IMPOSITION OF A CONSTRUCTIVE TRUST
## AND DISGORGEMENT OF FUNDS

69.     Plaintiff adopts and realleges the allegations set forth in paragraphs 1 through 35 above as if fully and expressly set forth herein and further alleges as follows.

70.     This is an action to impose a constructive trust upon the property taken from Plaintiff that are currently held by Defendants at cryptocurrency exchanges Binance and OKX.

71.     This action further calls for the restoration to Plaintiff of that wrongfully obtained property.

72.     As set forth above, Defendants -- through actual fraud, misappropriation, conversion, theft, or other questionable means -- obtained Plaintiff's cryptocurrency, which in equity and good conscience Defendants should not be permitted to hold.

73.     The cryptocurrency assets at issue are specific, identifiable property and have been traced to cryptocurrency exchanges Binance and OKX.

74.     Any and all assets being held by Defendants at Binance and OKX and must be held in trust for Plaintiff's benefit, as Defendants are not entitled to the benefit of wrongfully misappropriated, converted, and stolen funds and cryptocurrency assets that were taken from Plaintiff.

75. The cryptocurrency identified herein, which is being held by Defendants at Binance and OKX must be disgorged to Plaintiff's benefit, as Defendants are not entitled to the benefit of wrongfully misappropriated, converted, and stolen funds and cryptocurrency assets that were taken from Plaintiff.

**WHEREFORE,** Plaintiff BRUCE JAE POLANSKY demands the equitable imposition of a constructive trust over the property taken from Plaintiff that is currently under the control of Defendant "1" a/k/a ALICE LI and Defendants JOHN DOES 1-20 in the identified cryptocurrency wallet addresses and further demands that the wrongfully obtained property be restored to Plaintiff.

## **DEMAND FOR A JURY TRIAL**

Plaintiff demands trial by jury on all issues so triable.

Dated: May 17, 2023

Respectfully submitted,

THE CRYPTO LAWYERS
*Attorneys for Plaintiff*
848 Brickell Avenue, Penthouse 5
Miami, Florida 33131
Telephone: (305) 423-3514
www.thecryptolawyers.com

By: *s/ D. Fernando Bobadilla*
D. Fernando Bobadilla, Esq., *Of Counsel*
Fla. Bar No. 0136948
fernando@thecryptolawyers.com

By: *s/ Agustin M. Barbara*
Agustin M. Barbara, Esq.
Fla. Bar No. 1002677
agustin@thecryptolawyers.com