UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case Number: 23-21852-CIV-MARTINEZ

BRUCE JAE POLANSKY

    Plaintiff,

v.

DEFENDANT 1 a/k/a ALICE LI and JOHN
DOES 1-20,

    Defendants.
_____/

### ORDER ON MOTION FOR ORDER AUTHORIZING ALTERNATE SERVICE OF PROCESS ON FOREIGN DEFENDANTS PURSUANT TO RULE 4(f)(3)

**THIS CAUSE** came before this Court on Plaintiff's Motion for Order Authorizing Alternate Service of Process on Foreign Defendants Pursuant to Federal Rule of Civil Procedure 4(f)(3) (the "Motion"), (ECF No. 4). This Court has reviewed the Motion, pertinent portions of the record, and applicable law and is otherwise fully advised in the premises. Accordingly, after careful consideration, the Motion is **GRANTED** for the reasons set forth herein.

**I.    BACKGROUND**

Plaintiff Bruce Jae Polansky filed a Complaint in which he alleges that Defendants stole cryptocurrency from Plaintiff valued at approximately $2,237,268.00 pursuant to a sophisticated global internet cryptocurrency fraud and conversion scheme. (*See generally* Compl., ECF No. 1; Polansky Decl. ¶¶ 3–4, ECF No. 4-1.) Plaintiff presents the Declaration of an investigator confirming that Plaintiff tracked the stolen cryptocurrency to certain electronic cryptocurrency wallets and cryptocurrency exchange accounts ("Defendants' Crypto Wallets"). (R. Barbara Decl. ¶ 7, ECF No. 4-2.)

Plaintiff contends that Defendants operate via the Internet and utilize crypto blockchain ledger technology, both of which are electronic means and reliable forms of contact. (*See id.* ¶¶ 8–9; Polansky Decl. ¶¶ 8–9.) Plaintiff alleges that he has good cause to believe that Defendants are residents of the People's Republic of China. (Polansky Decl. at ¶¶ 5-7. Plaintiff has created an "NFT" ("Plaintiff's Service NFT") and a service website ("Plaintiff's Service Website"). (Mot. at 5.) Plaintiff's Service NFT contains (a) a notice of this action with Summons language, and (b) a hyperlink to Plaintiff's Service Website located at the Uniform Resource Locator (URL) https://www.uscourtservice.com/21852. (*Id.* at 5, 15.) Plaintiff's Service Website also contains a notice of this action, and will contain hyperlinks to the Summons, Complaint, and all filing and orders in this action. (*Id.*) Plaintiff seeks leave to send Plaintiff's Service NFT to the blockchain (crypto ledger) addresses of Defendants' Crypto Wallets as well as leave to serve Defendants via Plaintiff's Service Website. (*Id.* at 15.)

## II.   LEGAL STANDARD

The central purpose of service of process is "to supply notice of the pendency of a legal action, in a manner and at a time that affords the defendant a fair opportunity to answer the complaint and present defenses and objections." *Henderson v. United States*, 517 U.S. 654, 672 (1996). Rule 4 provides, in pertinent part, as follows:

> Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served at a place not within any judicial district of the United States:
> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
> (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
> > (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;

>>(B) as the foreign authority directs in response to a letter rogatory or letter of request; or
>>(C) unless prohibited by the foreign country's law, by:

>. . .

>>>(ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or
>>(3) by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f).

"Rule 4(f)(3) allows a district court to order an alternate method for service to be effected upon foreign defendants, provided that it is not prohibited by international agreement, and is reasonably calculated to give notice to the defendants." *Bowen v. Li*, No. 23-cv-20399, 2023 WL 2346292, at *2 (S.D. Fla. Mar. 3, 2023) (citing *Brookshire Bros. v. Chiquita Brands Int'l, Inc.*, No. 05-CIV-21962, 2007 WL 1577771, at *2 (S.D. Fla. May 31, 2007)); *Brookshire Bros.*, 2007 WL 1577771, at *2 ("[D]istrict courts have broad discretion under Rule 4(f)(3) to authorize other methods of service that are consistent with due process and are not prohibited by international agreements." (citing *Prewitt Enters. v. OPEC*, 353 F.3d 916, 921, 927 (11th Cir. 2003))). "Rule 4(f)(3) was 'adopted in order to provide flexibility and discretion to the federal courts in dealing with questions of alternative methods of service of process in foreign countries.'" *Bowen*, 2023 WL 2346292, at *2 (quoting *In re Int'l Telemedia Assoc., Inc.*, 245 B.R. 713 (Bankr. N.D. Ga. 2000)). Whether service is appropriate depends on the circumstances of the case and whether the proposed alternate method of service is "reasonably calculated to apprise the parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* (citing *Philip Morris USA, Inc. v. Veles Ltd.*, No. 06 CV 2988, 2007 WL 725412, at *2 (S.D.N.Y. Mar. 12, 2007); *accord Bandyopadhyay v. Defendant 1*, No. 22-cv-22907, 2022 WL 17176849, at *2 (S.D. Fla. Nov. 23, 2022).

### III. DISCUSSION

Plaintiff requests that the Court permit him to serve Defendants via NFT to their Crypto Wallets and by posting on a specifically created website. (Mot. at 5, 15.) Service by NFT transfer and via posting on a designated website are not prohibited under international agreement. *See Bowen*, 2023 WL 2346292, at *2; *Bandyopadhyay*, 2022 WL 17176849, at *2. The Hague Convention on the Service Abroad of Extra-Judicial Documents in Civil and Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361 (the "Hague Convention"), does not specifically preclude service of process via NFT or by posting on a designated website. *See Bowen*, 2023 WL 2346292, at *2; *Bandyopadhyay*, 2022 WL 17176849, at *2. Although a signatory to the Hague Convention may object to a particular means of service not provided in the Hague Convention, such an objection is limited and does not represent an objection to other unobjected to forms of service. *Stat Med. Devices, Inc. v. HTL-Strefa, Inc.*, No. 15-20590- CIV, 2015 WL 5320947, at *3 (S.D. Fla. Sept. 14, 2015) (noting that an objection to alternative forms of service set forth in Hague Convention is limited to the specific forms of service objected to). "A court acting under Rule 4(f)(3), therefore, remains free to order alternative means of service where a signatory nation has not expressly objected to those means." *Bowen*, 2023 WL 2346292, at *2 (citing *Gurung v. Malhotra*, 279 F.R.D. 215, 219 (S.D.N.Y. 2011)). China has not specifically objected to service via NFT or posting on a website. (*See* A. Barbara Decl. ¶¶ 13–15, ECF No. 4-3.)

This Court is not the first to consider whether alternative service via NFT and posting on a designated website are reasonably calculated to give notice to foreign defendants; indeed, United States District Judge Beth Bloom has authorized such service in two nearly identical cases: *Bowen*, 2023 WL 2346292, at *2–3, and *Bandyopadhyay*, 2022 WL 17176849, at *2–3. This Court expressly adopts Judge Bloom's well-reasoned analysis in *Bowen* and *Bandyopadhyay* herein. To

be sure, support for courts authorizing alternative means of service is legion. *See, e.g. Chanel, Inc. v. Zhixian*, No. 10-CV-60585, 2010 WL 1740695, at *3 (S.D. Fla. Apr. 29, 2010) (authorizing service by e-mail); *Bialik v. Individuals Identified on Schedule "A,"* No. 22-cv-61142, 2022 WL 4268594, at *2 (S.D. Fla. Sept. 15, 2022) (same); *Chanel, Inc. v. Individual, P'ship, or Unincorporated Assoc.*, No. 17-62441-CIV, 2017 WL 8794733, at *4–5 (S.D. Fla. Dec. 13, 2017) (permitting service by website publication); *Cassegrain v. bagsoutlet.us*, No. 18-cv-62933, 2018 WL 10582119, at *1-2 (S.D. Fla. Dec. 7, 2018) (same).

Here, like the defendants in *Bowen* and *Bandyopadhyay*, Defendants conducted their scheme using electronic means over the Internet and using cryptocurrency blockchain ledger technology. *See Bowen*, 2023 WL 2346292, at *1, *3; *Bandyopadhyay*, 2022 WL 17176849, at *1, *3. Plaintiff shows that the NFT and website posting are likely to reach Defendants. Plaintiff therefore demonstrates good cause as to why leave should be granted to allow service of any summonses, the Complaint, all filings, orders, and discovery in this matter on Defendants via NFT or posting on Plaintiff's designated website.

### IV. CONCLUSION

Accordingly, it **is ORDERED AND ADJUDGED** that:

1. The Motion, (ECF No. 4), is **GRANTED** as follows:

    a. Plaintiff **SHALL** serve the summonses, Complaint, and all filings and discovery in this matter upon Defendants via transfer of Plaintiff's Service NFT to Defendants' Crypto Wallets which provides notice of this action and directs Defendants to Plaintiff's Service Website, and

    b. Plaintiff **SHALL** serve the Summonses, Complaint, and all filings and discovery in this matter upon Defendants via website posting by posting a copy of

the same on Plaintiff's Service Website appearing at the following URL: https://www.uscourtservice.com/21852.

2. **On or before Friday, October 10, 2023**, Plaintiff **SHALL** file a status report advising this Court as to the status of service of process upon Defendants.

3. The Clerk is **DIRECTED** to **ADMINISTRATIVELY CLOSE** this case for statistical purposes only pending the completion of service on Defendants as set forth in this Order. This shall not affect the Parties' substantive rights.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 31 day of August, 2023.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
All Counsel of Record