UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-21852-CIV-MARTINEZ/SANCHEZ

BRUCE JAE POLANSKY,

     Plaintiff,

v.

DEFENDANT "1" a/k/a ALICE LI, an
Individual, and JOHN DOES 1-20, as yet
unidentified individuals, business entities, and/or
unincorporated associations,

     Defendants.

_____/

## REPORT AND RECOMMENDATION ON MOTION FOR FINAL DEFAULT JUDGMENT

This matter is before the Court on the Plaintiff's Motion for Final Default Judgment, ECF No. 14,[1] against Defendant "1" a/k/a Alice Li ("Defendant 1").  Defendant 1 did not respond to the Complaint, ECF No. 1, to the Plaintiff's Motion for Entry of Clerk's Default, ECF No. 12, or to the Plaintiff's Motion for Final Default Judgment, and the deadlines to do so have long passed. After careful consideration of the Plaintiff's filings, the record, and the applicable law, and the being otherwise fully advised in the premises, the undersigned **RESPECTFULLY RECOMMENDS** that Plaintiff's Motion for Final Default Judgment, ECF No. 14, be **DENIED WITHOUT PREJUDICE**.

---

[1] The Honorable Jose E. Martinez, United States District Judge, referred this matter to the undersigned for a Report and Recommendation.  *See* ECF No. 15.

# I.   BACKGROUND

## A.   Procedural Background

Plaintiff filed his Complaint on May 17, 2023, seeking damages, the disgorgement of funds, and the imposition of a constructive trust based on the actions of Defendant 1 and John Does 1-20 ("Doe Defendants") (collectively with Defendant 1, "Defendants").   ECF No. 1. Pursuant to this Court's Order Authorizing Alternate Service of Process, ECF No. 5, Plaintiff's counsel served Defendant 1 with a non-fungible token ("NFT") containing summons language and a hyperlink to Plaintiff's service website, which contained the Complaint, summons, and other pleadings in this action.  ECF No. 14 at 3.  When Defendant 1 did not respond to the Complaint, Plaintiff moved for entry of Clerk's Default as to Defendant 1, which was entered on February 8, 2024.  ECF Nos. 12, 13.

Plaintiff then filed the instant Motion for Final Default Judgment and attached to it a Damage Declaration of Plaintiff Bruce Jae Polansky.  ECF Nos. 14, 14-1.  To date, Defendant 1 has not responded to the Complaint, the Plaintiff's Motion for Entry of Clerk's Default, or the Plaintiff's Motion for Final Default Judgment, and Defendant 1 has not filed any appearance, motion, or any other papers in this action.

## B.   Factual Background[2]

In March 2022, Defendant 1 connected with Plaintiff through Instagram.  ECF No. 1 at ¶ 11.  Defendant 1 misrepresented that she was a financial accountant with experience in trading in cryptocurrency and whose friends "operated lucrative cryptocurrency margin and hedging platforms" on Wall Street.  *Id.* at ¶¶ 12-13.  Defendant 1 claimed she would utilize algorithms

---

[2] The following facts are deemed admitted with respect to Defendant 1 by virtue of the default. *See Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987).

designed and implemented by her Wall Street friends to earn a profit for Plaintiff through cryptocurrency trades. *Id.* at ¶ 14. Defendant 1 further recommended that Plaintiff invest in two margin trading platforms, btcsquare.net ("BTCSQUARE") and quareep.com ("QUAREEP"). *Id.* Based on Defendant 1's misrepresentations, Plaintiff joined the BTCSQUARE and QUAREEP platforms on or about April 1, 2022 and began executing margin trades on those platforms. *Id.* at ¶¶ 15, 18-20. Based on Defendant 1's invitation for Plaintiff to invest according to her advice, Plaintiff relied on Defendant 1's ostensibly superior knowledge of cryptocurrency to guide him in making his investments. *Id.* at ¶¶ 15, 20-21. In reality, BTCSQUARE and QUAREEP were fraudulent platforms, not legitimate trading platforms, and they incorporated dashboards showing falsified "gains" on Plaintiff's investments. *Id.* at ¶ 21; *see also id.* at ¶ 16.

Plaintiff, relying on Defendant 1's misrepresentations, including that he could withdraw his funds at any time, that he would receive 50% profits, and that Defendant 1's own family had invested millions of dollars with BTCSQUARE and QUAREEP, made a series of transfers to four digital wallets through the BTCSQUARE and QUAREEP platforms between April 2022 and September 2022. ECF No. 1 at ¶¶ 25-28, 44(a)-(c). When Plaintiff tried to withdraw his non-existent "profits" in September 2022, representatives of BTCSQUARE and QUAREEP told him that the platforms required a 2% management fee, and he made another transfer of 357,260 USDT to the platforms. *Id.* at ¶ 44(d). In total, Plaintiff sent cryptocurrency in twenty-one different transactions to four different cryptocurrency wallets controlled by Defendants. *See id.* at ¶¶ 25-28, 44. Those funds were traced through multiple cryptocurrency wallets to two cryptocurrency exchanges. *See id.* at ¶¶ 29, 31. According to the Plaintiff's allegations, the Defendants control the cryptocurrency wallets and cryptocurrency exchange accounts in which the Plaintiff's stolen funds are located. *Id.* at ¶ 9. The Defendants also made misrepresentations to Plaintiff that led

him to transfer more and more cryptocurrency to their accounts. *Id.* at ¶ 44.  In total, Defendants converted over $2 million of Plaintiff's funds. *Id.* at ¶ 30.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 55 contains a two-step process by which a party may obtain a final default judgment.  Fed. R. Civ. P. 55.  For any defendant that fails to plead or otherwise defend against a lawsuit, the Clerk may enter a clerk's default.  Fed. R. Civ. P. 55(a).  Thereafter, "[p]ursuant to Federal Rule of Civil Procedure 55(b)(2), the Court is authorized to enter a final judgment of default against a party who has failed to plead in response to a complaint." *Chanel, Inc. v. Sea Hero*, 234 F. Supp. 3d 1255, 1258 (S.D. Fla. 2016).

A Clerk's entry of default, however, does not automatically entitle a plaintiff to a default judgment.  *See, e.g.*, *Cohan v. Baby Marathon, LLC*, No. 20-60185-CIV-WILLIAMS/VALLE, 2020 WL 6731041, at *1 (S.D. Fla. Oct. 27, 2020) (explaining that a motion for default judgment "is not granted as a matter of right"), *report and recommendation adopted*, 2020 WL 6729393 (S.D. Fla. Nov. 16, 2020).  While it is true that a defendant who defaults admits the well-pleaded allegations of fact in the complaint, a defaulting defendant does not admit any facts that are pleaded insufficiently or are mere conclusions of law.  *Id.* at *1; *see also, e.g.*, *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975); *De Lotta v. Dezenzo's Italian Rest., Inc.*, No. 6:08-cv-2033-Orl-22KRS, 2009 WL 4349806, at *5 (M.D. Fla. Nov. 24, 2009) (explaining that the pleading standard enumerated in *Iqbal* "is equally applicable to a motion for default judgment") (discussing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).  Accordingly, an admission of the allegations in the complaint, by itself, may or may not be sufficient to grant default judgment.  *See Descent v. Kolitsidas*, 396 F. Supp. 2d 1315, 1316 (M.D. Fla. 2005) ("[T]he defendants' default notwithstanding, the plaintiff is entitled to a default judgment only if the complaint states a claim for relief."); *see also Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015).

4

To adequately state a claim for relief, the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Once liability is established, the Court must also assess the form of relief. *See Chanel, Inc. v. French*, No. 05-61838-Civ, 2006 WL 3826780, at *2 (S.D. Fla. Dec. 27, 2006).

## III.    ANALYSIS

In his motion, Plaintiff seeks default final judgment against Defendant 1 as to: "Count[] I (Racketeering in Violation of 18 U.S.C. § 1964); Count II (Conversion); Count III (Unjust Enrichment); Count IV (Breach of Fiduciary Duty); and Count V (Imposition of a Constructive Trust and Disgorgement of Funds)." ECF No. 14 at 1.

### A. Default Judgment Is Inappropriate When There Is a Risk of Inconsistent Judgments.

In general, default judgment may be entered against a party for failing to plead or otherwise respond to a complaint. *See Chanel, Inc.*, 234 F. Supp. 3d at 1258. However, "in certain circumstances a default judgment is inappropriate if it results in inconsistency among judgments." *Rodriguez v. Guacamole's Authentic Mexican Food & More, LLC*, No. 11-62527-CIV, 2012 WL 718688, at *2 (S.D. Fla. Mar. 6, 2012) (quoting *Marshall & Ilsley Trust Co. v. Pate*, 819 F.2d 806, 811 (7th Cir.1987)).

"The general rule, derived from the seminal case of *Frow v. De La Vega*, 15 Wall. 552, 82 U.S. 552, 21 L. Ed. 60 (1872), is that when one of several defendants who is alleged to be jointly liable defaults, judgment should not be entered against that defendant until the matter has been adjudicated with regard to all defendants, or all defendants have defaulted." *Mayorga v. Stamp Concrete & Pavers, Inc.*, 2015 WL 3556972, at *2 (S.D. Fla. June 4, 2015) (quotation omitted); *see also* 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2690 (4th ed. 2016). "The Eleventh Circuit has applied this same principle to cases where defendants are jointly and severally liable, as well as where defendants have closely related

5

defenses." *Tan v. Sushi Yama Japanese Rest., Inc.*, No. 20-20679-CIV, 2020 WL 6293216, at \*4 (S.D. Fla. Aug. 4, 2020) (citing *Gulf Coast Fans, Inc. v. Midwest Elecs. Imps., Inc.*, 740 F.2d at 1499, 1512 (11th Cir. 1984) ("[E]ven when defendants are similarly situated, but not jointly liable, judgment should not be entered against a defaulting defendant if the other defendant prevails on the merits")), *report and recommendation adopted*, 2020 WL 6290345 (S.D. Fla. Oct. 27, 2020); *Rodriguez*, 2012 WL 718688, at \*2 ("Several Circuits, including the Eleventh, have found *Frow* applies to situations where defendants are jointly and severally liable, or have closely related defenses.").

## B.  Default Judgment Is Inappropriate in This Case at This Time.

Here, Plaintiff's claims—at least as alleged in the Complaint—create the possibility of inconsistent judgments between Defendant 1 and the Doe Defendants.  In particular, the Complaint alleges that "*Defendants* stole Plaintiff's cryptocurrency," ECF No. 1 at ¶ 22 (emphasis added); *see also id.* at ¶ 1 ("Defendants stole cryptocurrency from Plaintiff . . . ."); *id.* at ¶ 30 (alleging that "Defendants converted" Plaintiff's cryptocurrency), and that "[a]t all times material hereto, *Defendants* have maintained private cryptocurrency wallets and cryptocurrency exchange accounts in which all of or a portion of Plaintiff's stolen cryptocurrency currently sits," *id.* at ¶ 9 (emphasis added).  The Complaint further claims that the joint acts of the Defendants are what give rise to Plaintiff's claims, alleging, for example, that Plaintiff relied on "the misrepresentations of representatives of the BTCSQUARE and QUAREEP platforms (i.e. *Defendants*)" when he "transferred an additional 357,460 USDT to the platforms."  *Id.* at ¶ 44(d) (emphasis added). Indeed, the Complaint's allegations demonstrate that the Complaint seeks to impose joint liability against all Defendants for their joint actions and their joint possession of the funds that were taken from the Plaintiff.  *See, e.g., id.* at ¶ 41 ("As co-conspirators, the unlawful conduct of each member

of the RICO Enterprise is attributed to every member, i.e., Defendants and the other yet-to-be identified co-conspirators."); *id.* at ¶ 53 ("As a direct and proximate result of *Defendants'* unlawful actions, Plaintiff has suffered damages.") (emphasis added); *id.* at ¶ 55 ("*Defendants* misappropriated Plaintiffs' funds.") (emphasis added); *id.* at ¶ 57 ("Plaintiff has suffered damages as a direct and proximate result of *Defendants'* conversion.") (emphasis added); *id.* at ¶ 62 ("Equity requires that *Defendants* return to Plaintiff the benefits he conferred *upon them.*") (emphasis added); *id.* at ¶ 74 ("Any and all assets held by *Defendants* . . . must be held in trust for Plaintiff's benefit, as *Defendants* are not entitled to the benefit of . . . assets that were taken from Plaintiff.") (emphasis added); *id.* at ¶ 75 ("The cryptocurrency identified herein, which is being held by *Defendants* . . . must be disgorged to Plaintiff's benefit, as *Defendants* are not entitled to the benefit of . . . assets that were taken from Plaintiff.") (emphasis added).  Under these circumstances, even though the Complaint does not use the magic words "joint and several liability," it still creates the possibility of inconsistent judgements by seeking to hold all Defendants jointly liable for their jointly taken actions and for Plaintiff's damages.  *See Tan*, 2020 WL 6293216, at *3 (recommending denial of final default judgment even though "the complaint does not use the magic words 'joint and several liability'"); Order Denying Motion for Final Default Judgment Without Prejudice, ECF No. 21, *Stilwell v. Defendant "1," et al.*, No. 23-21920-CIV-SCOLA/SANCHEZ (S.D. Fla. Sept. 16, 2024) (denying default judgment when a risk of inconsistent judgments remained).

Moreover, in his motion for default judgment, Plaintiff has not contended that there are no allegations of joint and several liability.  Instead, Plaintiff has stated that "there are no *effective* allegations of joint and several liability" because he "has not been able to identify Defendant 1's un-served DOE co-defendants."  ECF No. 14 at 2 (emphasis added).  In doing so, the Plaintiff has

effectively conceded what is apparent from a review of the Complaint; the Complaint contains allegations of joint and several liability.  Plaintiff nonetheless contends, without any citation to authority, that "there is no possibility of inconsistent liability between defendants who have not been, and cannot be identified, much less served." *Id.*  The Plaintiff, however, has not dismissed the unserved Doe Defendants, and the possibility remains that one or more of those Doe Defendants may be identified and served in the future.  As a result, inconsistent judgments are a possibility.  Courts, moreover, have found that where claims have been asserted against non-defaulting unserved defendants, there remains a possibility of inconsistent liability and inconsistent judgments that requires the denial of default judgment.  *See, e.g.*, *Clark v. D & B Cap. Inv., Inc.*, No. 19-cv-1401-Orl-40GJK, 2020 WL 13827621, at *2 (M.D. Fla. Aug. 26, 2020) (denying motion for default judgment where a Jane Doe defendant had not yet been served and complaint alleged counts against both the Jane Doe defendant and the defendant against whom default judgment was sought); *Jeunesse Glob. Holdings, LLC v. Vivante, Inc.*, No. 17-cv-1061-Orl-41TBS, 2017 WL 9751312, at *5, *6 (M.D. Fla. Nov. 8, 2017) (concluding that default judgment was "inappropriate . . . until the case has been adjudicated with regard to all Defendants, including the Does," but providing for renewal of default judgment motion "once the Doe Defendants have been identified and served or removed from the case"), *report and recommendation adopted*, 2018 WL 3208377 (M.D. Fla. June 29, 2018); *Spy Optic Inc. v. Pattar Enter., Inc.*, No. 16-cv-1541-Orl-31GJK, 2017 WL 8893759, at *2 (M.D. Fla. Oct. 31, 2017) (denying motion for default judgment where complaint sought to hold defendants jointly and severally liable and where some of the defendants had not been served).

Here, given the procedural posture of this case, in which the Plaintiff's Complaint seeks to hold Defendant 1 and the twenty non-dismissed Doe Defendants jointly liable for their joint actions

8

and in which the Plaintiff seeks to impose a constructive trust over, as well as to disgorge funds from, property that is held or controlled by all of the Defendants, there remains a significant risk of inconsistent judgments if a default judgment were to be entered against Defendant 1.  Given this danger of inconsistent judgments, it would be inappropriate at this time to enter a final default judgment against Defendant 1.  *See, e.g.*, *Tan*, 2020 WL 6293216, at *4; Order Denying Motion for Final Default Judgment Without Prejudice, *Stilwell v. Defendant "1," et al.*, No. 23-21920-CIV-SCOLA/SANCHEZ, ECF No. 21 at 9-10; *see also Progressive Express Ins. Co. v. C&F Transp., LLC*., No. 22-20775-SCOLA/GOODMAN, 2022 WL 17583749, at *6 (S.D. Fla. Oct. 13, 2022) (concluding that plaintiff's assertion "in its motion that '[t]here are no allegations of joint and several liability' . . . d[id] not allay the concern" about "the risk of inconsistent judgments" where the procedural posture of the case established a possibility of inconsistent judgments that warranted denial of default judgment).

## IV.    CONCLUSION

For the foregoing reasons, the undersigned **RESPECTFULLY RECOMMENDS** that Plaintiff's Motion for Final Default Judgment, ECF No. 14, be **DENIED WITHOUT PREJUDICE** pending final disposition of the claims asserted against the non-defaulted Doe Defendants or any other change in the procedural posture of this case that eliminates the risk of inconsistent judgments**.**

Within fourteen (14) days from the date of receipt of this Report and Recommendation, the parties shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Jose E. Martinez, United States District Judge.  Failing to file timely objections will bar a de novo determination by the District Judge of any issue addressed in the Report and Recommendation, will constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions," and will only allow appellate

review of the district court order "for plain error if necessary in the interests of justice." 11th Cir.

R. 3-1; 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Henley v. Johnson*, 885 F.2d

790, 794 (11th Cir. 1989); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d

1185, 1191-92 (11th Cir. 2020).

**RESPECTFULLY RECOMMENDED** in Chambers in Miami, Florida, this 28th day of

February 2025.

EDUARDO I. SANCHEZ
UNITED STATES MAGISTRATE JUDGE

cc:    Hon. Jose E. Martinez
       Counsel of Record